WEILLE, Respondent, vs. REINHARD, Appellant.

*October 15 — October 30, 1900.*

*Practice: Issues: Evidence: Settlement of accounts.*

1. After the commencement of an action upon an open account the defendant therein brought an action to foreclose a mortgage executed to him by the plaintiff and not put in issue by the pleadings in the former action. On the trial of the former action, while the foreclosure action was still pending and undetermined, the mortgagor was allowed to give evidence tending to prove that the note secured by the mortgage had been fully paid and satisfied. *Held,* improper.

2. In an action upon an account which extended over a considerable number of years, the evidence is *held* to show — contrary to a referee's finding, confirmed by the trial court—that during that period there had been at least one complete settlement of the accounts between the parties.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Reversed.*

The cause was submitted for the appellant on the brief of *George W. Sloan,* and for the respondent on that of *J. E. Malone.*

CASSODAY, C. J. This action was commenced July 26, 1894, to recover $500, alleged to be for and on account of money had and received by the defendant from the plaintiff at divers times between July 26, 1874, and July 26, 1894, and which was due and payable on account, but which the defendant had failed to pay, though often requested so to do; and the complaint was amended upon the trial so as to include the time between 1869 and 1874. The defendant answered by way of a general denial and a counterclaim for a balance of $3.58, found due to the defendant on settlement of their respective accounts, February 23, 1892. The plaintiff replied to the counterclaim by way of a general

denial. Thereupon, and in pursuance of the stipulation of the parties, the cause was referred to John A. Barney to hear, try, and determine.

A trial being had before the referee, he reported to the court his findings of fact and conclusions of law to the effect that from February 26, 1874, to July 26, 1894, there were mutual and open accounts current between the parties to this action; that such mutual accounts contained one item consisting of a note and mortgage bearing date February 29, 1876, on which an action was commenced September 6, 1894, by the defendant against the plaintiff, which action was still pending and undetermined; that such note and mortgage had been fully paid and ought to be satisfied of record; that, in addition to the payment of such note and mortgage on such mutual and open account there was owing to the plaintiff by the defendant $402.93, with interest thereon from July 26, 1894. And as conclusions of law the referee found, in effect, that such note and mortgage had been fully paid and ought to be satisfied of record; that, in addition to the payment of such note and mortgage on such mutual and open account, there was owing to the plaintiff by the defendant $402.93, with interest from July 26, 1894, and that the plaintiff was entitled to judgment accordingly.

On application to confirm such report the court, January 4, 1897, referred the same back to the referee for compliance with the statute in such cases. Sec. 2865, Stats. 1898. On November 11, 1897, the referee made a new report of his findings of fact and conclusions of law to the effect that there were mutual and open accounts current between the parties from February 26, 1874, to July 26, 1894, which had never been settled; that such note and mortgage was an item of such account; that September 6, 1894, an action to foreclose such note and mortgage was commenced, and was still pending and undetermined; that there had been five payments of interests made on that note and mortgage, and,

Weille vs. Reinhard.

in addition thereto, eight several payments on the principal, aggregating $327.90; that, in addition, the plaintiff had performed labor for the defendant in six of the years mentioned, amounting in the aggregate to $265.78, and also paid cash to the defendant in eleven of the years mentioned in the aggregate amount of $978.88, making in all $1,244.66; that, during the last twenty years mentioned, the defendant had sold and delivered to the plaintiff goods, wares, and merchandise, flour, wood, and pasture, to the amount in the aggregate of $526.67, and, in addition, had paid to the plaintiff several items of cash to the aggregate amount of $264.90, making in all $791.57,— leaving a balance in favor of the plaintiff and against the defendant of $452.64. And as conclusions of law the referee found, in effect, that the note and mortgage had been fully paid and satisfied, and that, in addition, the plaintiff was entitled to judgment against the defendant for $452.64, with interest thereon from July 26, 1894.

The court, having in all things fully confirmed such report, and ordered judgment for the plaintiff in accordance therewith, and costs, such judgment was thereupon entered accordingly. From that judgment the defendant appeals.

The trial of this cause, as disclosed in the record, is anomalous in several respects. The action is for money had and received during a period of twenty-five years. No other cause of action is alleged. The plaintiff recovered $265.78 for labor performed during six of the years prior to 1887 and including 1874. The plaintiff was allowed to give evidence tending to prove that the note and mortgage executed by him to the defendant February 29, 1876, for $327.90, and which was not put in issue by the pleadings, had been fully paid and satisfied, notwithstanding an action was then pending and undetermined to foreclose that note and mortgage. Upon what principle of law the subject matter of the foreclosure action was imported into this action we are unable

to perceive. We must hold that that note and mortgage were improperly brought into this action.

The report of the referee, thus confirmed, found as matter of fact not only that there were mutual and open accounts current between the parties from February 26, 1874, to July 26, 1894, but also found that there never had been any settlement between them. The evidence is overwhelming to the effect that February 29, 1876, the plaintiff was indebted to the firm of Lembgen & Reinhard — composed of this defendant and another, which on that day dissolved, upon balancing and settling accounts — in the sum of $327.90; and that the note and mortgage in question were then given to secure the payment of such balance. The plaintiff admits that he was then indebted for $300 for groceries, and that he gave the note and mortgage for $327.90 for groceries. It is idle to claim that there was no settlement at that time, and yet the findings include items prior to that time. The defendant was a merchant, and kept books, in which appear to have been entered the dealings and accounts between the parties. The evidence is strong tending to prove that the parties adjusted their accounts from time to time, and struck a balance, and settled the same by note or duebill. Particularly is this so as to the settlement which the defendant claims to have been made on or about April 22, 1885. It appears that about that time the plaintiff received from the government two checks for back pay for pension to the amount of $457.87, and that the plaintiff indorsed the checks, and delivered them to the defendant, who, on April 20, 1885, drew the money on the checks from the First National Bank of Beaver Dam. So much is conceded. The plaintiff testified that there was another check for $42, making in all $499.87. The finding is that on that day the defendant received of the plaintiff $499.87. That is the only money found to have passed between the parties on that day, or at any time in that April, except that it is found that the

plaintiff paid to the defendant on that day $104.01, and also except that it is found that the defendant paid to the plaintiff $25 on April 23, 1885. And yet it appears beyond reasonable controversy that on April 23, 1885, the defendant gave to the plaintiff a memorandum or duebill, of which the following is a copy: "$400. Lowell, Wis., April 23, 1885. Deposit by *Ch. Weille,* four hundred dollars, *being balance on draft. Philip Reinhard;* " that May 21, 1885, the defendant paid to the plaintiff on that duebill $110, which was on that day indorsed thereon; that June 17, 1885, the defendant paid to the plaintiff on that duebill $200, which was on that day indorsed thereon; that June 27, 1885, the defendant paid to the plaintiff $100; and thereupon the defendant took up the duebill which the plaintiff held against him. The finding is that the defendant paid the $110, but that he did not pay the $200, nor the $100. The pretense is that such payments were made to somebody else. But it is undisputed that the duebill was taken up. The defendant flatly denies having received of the plaintiff any pension check of $42. Thus it appears that the $499.87, for which the defendant was held to be liable, is without evidence to support it. The evidence on the part of the defendant pretty clearly shows that April 22, 1885, the parties settled their accounts, and that there was then allowed to the plaintiff for work $81.27, and that he paid to the defendant the balance on the defendant's books against him of $104.01, and so the books were balanced. Several matters entered into the settlement. While it does not clearly appear whether the $104.01 was wholly or in part paid by way of the pension checks, yet it seems to be conceded that it was paid; and that amount, as well as the $81.27, was allowed in the findings. The making of the settlement is confirmed by the giving of the duebill for the "balance on draft" or checks. It is, moreover, admitted by the plaintiff, in effect, that at that time he went to the defendant's to settle up with him;

State ex rel. Fuller and another vs. Circuit Court for Waukesha Co.

that they then settled his account for labor of $81.27; that he never had exactly that amount for labor at any other time; that they settled the book account at that time; and, while he evades the question as to whether the defendant's account against him on the books amounted to $104.01, yet he nowhere denies that that was the amount of the balance, and finally admits that such balance was settled and paid; and that was the amount allowed in the finding. We are convinced that there was a complete settlement of all matters outside of the note and mortgage at that time. There is strong evidence of subsequent settlements, but, as the evidence in that regard is more or less vague and confused, we are not disposed to act further as referees in this action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial as to all matters subsequent to the settlement of April, 1885, and not herein determined.